[Cite as *State v. M.D.*, 2015-Ohio-4003.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| COUNTY OF LORAIN | )ss: )  | NINTH JUDICIAL DISTRICT |

| STATE OF OHIO | C.A. No. 14CA010657 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| M.D. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 87CR035046 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2015

SCHAFER, Judge.

{¶1} Appellant, M.D., appeals the judgment of the Lorain County Court of Common Pleas denying her request for expungement. For the reasons that follow, we reverse the trial court's judgment.

I.

{¶2} In 1987, M.D. was convicted on one count of grand theft in violation of R.C. 2913.02, a felony of the third degree, with the physical harm specification outlined in former R.C. 2941.143. The conviction arose from an incident in which M.D. and another person stole a bottle of hair color from a store. After the theft, they went to their nearby car. The other person took her position as the driver and M.D. sat in the front passenger's seat. The store's security guard followed them. When the guard confronted M.D. and the other person about the theft, the other person started to drive away and the car hit the guard. After accepting M.D.'s guilty plea,

the trial court imposed a 90-day jail sentence along with a probation term of three years. M.D. was discharged from probation in 1991.

{¶3} On August 26, 2013, M.D. filed an application to expunge her conviction and she subsequently filed a brief in support of her request. In the brief in support of her application, M.D. conceded that she was statutorily ineligible for expungement. Rather than basing her request on the statutory grounds for an expungement, M.D. predicated her application on the trial court's inherent authority to seal records. After receiving oral argument from the parties and M.D.'s statement, the trial court issued a judgment denying her application for expungement. It specifically found that the application should be denied because the conviction was for a crime of violence and M.D. was thus statutorily ineligible for expungement. However, the trial court never addressed whether it had the inherent authority to expunge the conviction.

{¶4} M.D. filed this timely appeal, presenting a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE U.S. CONSTITUTION, VIA THE FOURTEENTH AMENDMENT, GUARANTEES A RIGHT OF PRIVACY TO AMERICANS. DID THE TRIAL COURT DENY APPELLANT'S RIGHT TO PRIVACY WHEN IT DENIED HER MOTION TO SEAL RECORD/EXPUNGEMENT AS THIS CASE PRESENTS UNUSUAL AND SPECIAL CIRCUMSTANCES THAT ENTITLED HER TO HAVE HER CONVICTION RECORD SEALED AND THE STATE ARTICULATED NO REASON WHATSOEVER FOR ITS NEED TO KEEP THE RECORD PUBLIC?

{¶5} In her sole assignment of error, M.D. asserts that the trial court erred by denying her application for the expungement of her conviction. We agree insofar as the trial court erred in denying her application without addressing whether it had the inherent authority to expunge M.D.'s conviction.

**{¶6}** "[T]rial courts have authority to order expungement where such unusual and exceptional circumstances make it appropriate to exercise jurisdiction over the matter." *Pepper Pike v. Doe*, 66 Ohio St.2d 374 (1981), paragraph two of the syllabus. The Supreme Court of Ohio recently revisited this holding in *State v. Radcliff*, 142 Ohio St.3d 78, 2015-Ohio-235, where the Court declared that trial courts' inherent authority to expunge criminal convictions "'is limited to cases where the accused has been acquitted or exonerated in some way and protection of the accused's privacy interest is paramount to prevent injustice.'" *Id*. at ¶ 27, quoting *State v. Chiaverini*, 6th Dist. Lucas No. L-00-1306, 2001 WL 256104, * 2 (Mar. 16, 2001). The Court also described the holding of *Pepper Pike* as "'simply inapposite' to cases involving convicted offenders, even if they have been pardoned." *Id*. at ¶ 28. Finally, the Court offered the following guidance regarding expungement applications seeking to invoke the trial courts' inherent authority: "Notwithstanding the fact that courts have both statutory and extrastatutory authority to seal criminal records, the judicial branch should restrain its power to act in this area." *Id*. at ¶ 33.

**{¶7}** M.D. has conceded that she is statutorily ineligible for an expungement of her conviction. But, her application was not based on statutory grounds for an expungement; it sought to invoke the trial court's inherent authority for an expungement. Nevertheless, the trial court only addressed M.D.'s statutory eligibility and it never analyzed whether it had the inherent authority to expunge the conviction. Since we are a reviewing court, we cannot make that determination in the first instance. *See Guappone v. Enviro-Cote, Inc.*, 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶ 13 ("Because the trial court failed to make a summary judgment determination in compliance with the mandates of Civ.R. 56, there is no determination for this Court to review."). Rather, we remand this matter for the trial court to address whether it has the

inherent authority under *Radcliff* to expunge M.D.'s conviction. *See McGlumphy v. Richard T. Kiko Agency, Inc.*, 9th Dist. Summit No. 27043, 2014-Ohio-3479, ¶ 15 (remanding matter for trial court to consider and address all of the plaintiff's arguments). In remanding this matter, we do not express any opinion as to the merits of M.D.'s contentions or as to whether an expungement is appropriate under the trial court's inherent authority.

{¶8} Accordingly, we sustain M.D.'s sole assignment of error in part.

III.

{¶9} Having sustained M.D.'s assignment of error in part, we reverse the judgment of the Lorain County Court of Common Pleas and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

---------------------------------

JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

LANENE M. MESLAT, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.