[Cite as *Stow v. S.B.*, 2015-Ohio-4473.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

CITY OF STOW

      Appellee

      v.

S.B.

      Appellant

C.A. No.     27429

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    2010 CRB 1206

DECISION AND JOURNAL ENTRY

Dated: October 28, 2015

CARR, Presiding Judge.

{¶1}   Defendant-Appellant, S.B., now appeals from the judgment of the Stow Municipal Court, denying his application to seal his record.  This Court reverses and remands for further proceedings.

I.

{¶2}   As a result of events that occurred on May 14, 2010, S.B. was charged with public indecency, a fourth-degree misdemeanor in violation of Stow Codified Ordinance 533.07. Additionally, he was charged under a separate case number with operating a vehicle under the influence, a first-degree misdemeanor in violation of R.C. 4511.19(A)(1)(a).  S.B. ultimately pleaded guilty to public indecency and to the amended charge of physical control while under the influence, a first-degree misdemeanor in violation of R.C. 4511.194.  The trial court sentenced him to a fine and a suspended jail sentence.

{¶3} Three years later, S.B. filed a motion to seal the record of his conviction for public indecency. The trial court held two hearings on the motion and received arguments from both defense counsel and the prosecutor for the City. On May 30, 2014, the trial court denied S.B.'s motion because it determined that S.B.'s public indecency conviction record was not eligible for sealing.

{¶4} S.B. now appeals from the trial court's judgment and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN DENYING APPELLANTS (sic) APPLICATION TO SEAL THE RECORD[.]

{¶5} In his sole assignment of error, S.B. argues that the trial court erred by denying his motion to seal the record of his conviction for public indecency. Because the record reflects that the trial court misapplied the law in deciding S.B.'s motion, we reverse its judgment and remand this matter for the trial court to apply the correct law in the first instance.

{¶6} Because this case hinges upon the interpretation of the sealing statutes and S.B.'s eligibility under the same, this Court employs a de novo standard of review. *See State v. Raber*, 9th Dist. Wayne No. 13CA0020, 2014-Ohio-249, ¶ 8. *Accord State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶7} "R.C. 2953.32 et seq. set out the limits of the trial court's jurisdiction to grant a request to seal [a defendant's] record of convictions or charges that have been dismissed." *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 12. "The disposition of the case determines

which [expungement] statute applies * * *." *See State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 16. While R.C. 2953.32 governs the sealing of records after conviction, R.C. 2953.52 governs the sealing of records after a disposition other than conviction. *Id.* Because S.B.'s public indecency case resulted in a conviction, R.C. 2953.32 governed his motion to seal.

**{¶8}** At the time S.B. filed his motion, R.C. 2953.32 read as follows:

*Except as provided in [R.C.] 2953.61 * * *,* an eligible offender may apply to the sentencing court * * * for the sealing of the conviction record. Application may be made * * * at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

(Emphasis added.) Former R.C. 2953.32(A)(1). Accordingly, eligible offenders with a misdemeanor conviction generally could apply to expunge their misdemeanor conviction after the passage of one year. *Id.* An exception contained in R.C. 2953.61, however, could restrict the offender's ability to obtain the sealing. *Id.* Because the trial court here determined that R.C. 2953.61 affected S.B.'s eligibility requirements, we begin by examining that statute and the case law surrounding it.

**{¶9}** R.C. 2953.61 outlines the effect of multiple offenses with different dispositions. The version of the statute in effect at the time S.B. filed his motion to seal provided, in relevant part, as follows:

When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 * * *.

Former R.C. 2953.61. "In other words, when multiple offenses have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of all the offenses sealed." *Pariag* at ¶ 17.

{¶10} In *State v. Pariag*, the Ohio Supreme Court considered whether R.C. 2953.61 can, in certain instances, prevent the sealing of an offender's record. *Id.* at ¶ 6-8. There, Pariag was charged with a traffic offense and two misdemeanor drug charges. The traffic case and the criminal case were assigned separate case numbers, but both were resolved by the same plea. Under the plea agreement, Pariag pleaded to the traffic offense and both his drug charges were dismissed. He then applied to seal the records pertaining to the dismissed drug charges. An issue arose with his request for sealing, however, because, under R.C. 2953.36, his traffic conviction was statutorily exempt from sealing.

{¶11} Citing R.C. 2953.61, the Supreme Court held that Pariag's dismissed drug charges could also be exempt from sealing if the trial court determined that all of his charges "arose as a result of or in connection with the same act." *Id.* at ¶ 19-20. The Court reasoned that

> if the record of one charge cannot be sealed, any charges filed as a result of or in connection with the act that resulted in the unsealable charge cannot be sealed. Because R.C. 2953.61 refers to "all of the records in all of the cases," our holding is not affected by the fact that the different charges were assigned different case numbers.

*Id.* at ¶ 17. Thus, the Supreme Court determined that Pariag's traffic conviction could prevent the sealing of his dismissed drug charges, even though the traffic charge and the drug charges were assigned different case numbers. *Id.* The Court ultimately remanded the matter to the trial court for a determination as to "whether the dismissed drug charges stemmed from the same act as Pariag's traffic violation." *Id.* at ¶ 20.

**{¶12}** Much like Pariag, S.B. was charged with a traffic offense and a criminal offense under separate case numbers and ultimately resolved both cases by way of a plea. There is also no dispute that S.B.'s traffic conviction is statutorily exempt from sealing. *See* Former R.C. 2953.36(B) (convictions under Chapter 4511 of the Revised Code exempt from sealing). The trial court relied on the foregoing similarities to resolve this matter. It concluded that, under R.C. 2953.61 and *State v. Pariag*, S.B.'s conviction for public indecency was exempt from sealing because it arose "as a result of and in connection with the same act" as his traffic conviction. Yet, neither R.C. 2953.61, nor *State v. Pariag*, controls in the instant matter.

**{¶13}** By its plain language, Former R.C. 2953.61 only applies when a person is charged with two or more offenses "and at least one of the charges has a final disposition that is different than the final disposition of the other charges * * *." The statute applied in *State v. Pariag* because "Pariag's charges * * * resulted in different dispositions—one conviction and two dismissals * * *." *Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, at ¶ 19. S.B.'s charges, however, resulted in two convictions. The disposition for both charges was the same. Thus, Former R.C. 2953.61 did not apply to him, and the trial court erred by relying on *State v. Pariag* to deny S.B.'s motion for sealing. *See Strongsville v. J.M.B.*, 8th Dist. Cuyahoga No. 100680, 2014-Ohio-3144, ¶ 7-8. *See Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, at ¶ 17.

**{¶14}** S.B. was convicted of a criminal offense and a traffic offense in companion cases and sought the sealing of his criminal case. *Compare Futrall*, *supra* (partial sealing prohibited where same case contains both sealable and unsealable offense). As previously noted, Former R.C. 2953.32(A)(1) provided that

> [e]xcept as provided in [R.C.] 2953.61 * * *, an eligible offender may apply to the sentencing court * * * for the sealing of the conviction record. Application may be made * * * at the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

We have already determined that R.C. 2953.61 does not apply in this matter. Accordingly, S.B. could request the sealing of his public indecency conviction record so long as he was an eligible offender and one year had expired since his final discharge. *See* Former R.C. 2953.32(A)(1).

{¶15} Rather than apply the pertinent portions of R.C. 2953.32 and determine the merits of S.B.'s motion on appeal, we remand this matter to the trial court for it to do so in the first instance. *See State v. M.D.*, 9th Dist. Lorain No. 14CA010657, 2015-Ohio-4003, ¶ 7. On remand, the trial court must determine whether S.B. is an eligible offender and, if so, whether to grant his motion based on the other factors set forth in R.C. 2953.32. S.B.'s sole assignment of error is sustained on that basis.

III.

{¶16} S.B.'s sole assignment of error is sustained for the reasons outlined above. The judgment of the Stow Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

J. CHRIS SESTAK, Attorney at Law, for Appellant.

AMBER K. ZIBRITOSKY, Attorney at Law, for Appellee.