[Cite as *State v. A.V.*, 2018-Ohio-785.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011138 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| A.V. | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 05CR069276 |

DECISION AND JOURNAL ENTRY

Dated: March 5, 2018

CALLAHAN, Judge.

**{¶1}** Appellant, A.V., appeals from the judgment of the Lorain County Court of Common Pleas that denied his motion to seal his record of conviction. This Court reverses.

I.

**{¶2}** A.V. was indicted for attempted unlawful sexual conduct with a minor (R.C. 2907.04(A)/R.C. 2923.02(A)), importuning (R.C. 2907.07(D)(2)), and possession of criminal tools (R.C. 2923.24(A)), all fifth-degree felonies. A.V. pled no contest and was found guilty on all three counts. In April 2006, A.V. was sentenced to prison for six months on each count, to be served concurrently, and five years of post-release control. Further, A.V. was notified of his duty to register as a sexually oriented offender under Megan's Law for a period of ten years following his release from prison.

**{¶3}** In February 2017, A.V. filed a motion to seal his record of conviction. Following a hearing, the trial court denied A.V.'s motion. Relying on R.C. 2953.36(A)(2),[1] the trial court concluded that a conviction for attempted unlawful sexual conduct with a minor is excluded from sealing under the statute and, therefore, the court lacked jurisdiction to hear the motion. A.V. timely appeals from this judgment entry, asserting one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN RULING THAT THE COURT DOES NOT HAVE JURISDICTION, AND DENYING [A.V.'S] MOTION TO SEAL HIS CONVICTION FOR ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR, []R.C. []2923.02(A)/[]2907.04(A).

**{¶4}** In his sole assignment of error, A.V. argues the trial court erred in determining that his conviction for attempted unlawful sexual conduct with a minor was excluded from sealing under R.C. 2953.36(A)(2) and thereby divested the trial court of jurisdiction to grant his motion to seal his record of conviction. This Court agrees.

**{¶5}** The issue to be determined is whether a conviction for attempted unlawful sexual conduct with a minor is excluded from sealing pursuant to R.C. 2953.36(A)(2). A determination regarding the application of R.C. 2953.36(A)(2) to A.V.'s conviction for attempted unlawful sexual conduct with a minor is a question of law that is reviewed de novo. *See State v. Ninness*, 6th Dist. Ottawa No. OT-11-024, 2013-Ohio-974, ¶ 8, citing *State v. Futrall*, 123 Ohio St.3d

---

[1] At the hearing, the trial court stated former R.C. 2953.36(B) was the basis for its ruling. Effective September 14, 2016, R.C. 2953.36 was amended to its current version. One of the changes to R.C. 2953.36 included renumbering the subsections; thus, former R.C. 2953.36(B) was renumbered to R.C. 2953.36(A)(2). Because A.V. filed his motion for sealing after the effective date of the amendment, this Court will utilize the numbering in the current version of R.C. 2953.36.

498, 2009-Ohio-5590, ¶ 6-7. *See also State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, ¶ 5.

**{¶6}** Sealing a record of conviction "is a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533 (2000). The applicant must satisfy all of the eligibility requirements contained in R.C. 2953.32 to obtain a sealing of a record of conviction. *State v. Hamilton*, 75 Ohio St.3d 636, 640 (1996). One of the threshold requirements when considering an application to seal a record of conviction is whether the applicant is an "eligible offender." *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 14. *See* R.C. 2953.32(C)(1)(a); R.C. 2953.31(A). "R.C. 2953.36 precludes the sealing of records of certain convictions; thus, an offender seeking to have sealed the records of conviction for an offense listed in R.C. 2953.36 is an ineligible offender." *V.M.D.* at ¶ 14.

**{¶7}** While R.C. 2953.36 enumerates various convictions that are excluded from sealing, relevant to this Court's review is subsection (A)(2), which states as follows:

> (A) Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:
>
> * * *
>
> (2) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code;

R.C. 2953.36(A)(2).

{¶8} A.V. challenges the trial court's failure to apply the rule of lenity[2] to expungements. However, this Court declines to address that argument because A.V. immediately contradicts it with his contention that "[t]he clear omission from [R.C.] 2953.36 of an 'attempt' to commit a crime is unambiguous." Indeed, the State also agrees that R.C. 2953.36(A)(2) is unambiguous, but for different reasons. This Court concurs that R.C. 2953.36(A)(2) is unambiguous.

{¶9} In *V.M.D.*, the Ohio Supreme Court recently stated that "R.C. 2953.36 speaks for itself. Our first duty in statutory interpretation is to determine whether the statute is clear and unambiguous. [W]hen the General Assembly has plainly and unambiguously conveyed its legislative intent, there is nothing for a court to interpret or construe, and therefore, the court applies the law as written." (Internal citations and quotation marks omitted.) *Id.*, 148 Ohio St.3d 450, 2016-Ohio-8090, at ¶ 15.

{¶10} Relevant to this case, R.C. 2953.36(A)(2) specifically identifies convictions for nine sex offenses that are excluded from sealing. One of those excluded convictions is unlawful sexual conduct with a minor. Yet, R.C. 2953.36(A)(2) does not contain any language that includes a conviction for an attempt to commit unlawful sexual conduct with a minor as being excluded from sealing.

{¶11} Had the legislature wished to include a conviction for an attempt to commit unlawful sexual conduct with a minor within the list of convictions excluded by R.C. 2953.36(A)(2), it could have specifically done so, as it has done in other sections of the Revised Code. *See, e.g.*, R.C. 2901.01(A)(9)(d) (which includes "attempt[s]" as offenses of violence);

---

[2] The rule of lenity is a rule of statutory construction in which an ambiguity in the criminal statutes defining offenses or penalties is read in favor of a defendant. *See* R.C. 2901.04(A).

R.C. 2913.01(K)(4) (which includes "attempt[s]" as theft offenses). "[I]t is the duty of this [C]ourt to give effect to the words used, not to * * * insert words [that are] not used." *Cleveland Elec. Illuminating Co. v. Cleveland*, 37 Ohio St.3d 50 (1988), paragraph three of the syllabus. Thus, a plain reading of R.C. 2953.36(A)(2) reflects that the legislature did not intend to include an attempt in the statute.

{¶12} The State argues that R.C. 2953.36(A)(2) is unambiguous because "several appellate courts [] have all agreed that the addition of the attempt statute to an offense does not affect the application of R.C. 2953.36 to preclude sealing of a conviction[] where the 'main' offense is on the list of excepted offenses." The State cites three cases in support of its position: *State v. Reid*, 2d Dist. Greene No. 2005CA0028, 2006-Ohio-840; *State v. Burnside*, 7th Dist. Mahoning No. 08 MA 172, 2009-Ohio-2653; and *State v. M.R.*, 8th Dist. Cuyahoga No. 94591, 2010-Ohio-6025. This Court does not find those cases to be persuasive.

{¶13} In *Reid*, the Second District decided that a person convicted of attempted sexual imposition "was not eligible as a matter of law to have the records of his conviction sealed or expunged." *Reid* at ¶ 13. The *Reid* court made no reference to the law upon which it was relying, nor can this Court find any support for that position. Despite the lack of analysis in *Reid*, both the Seventh and Eighth Districts relied upon *Reid's* ultimate conclusion. *Burnside* at ¶ 20-21; *M.R.* at ¶ 25.

{¶14} In *M.R.*, the Eighth District further reasoned that "[t]he addition of the attempt statute to the offense did not affect R.C. 2953.36's application because the 'main' offense was on [the] list of excepted offenses." *Id.* at ¶ 25. However, such reasoning ignores the fact that an attempt to commit an offense and the commission of an offense are separate crimes carrying separate penalties under the law. *See State v. Salim*, 9th Dist. Medina No. 2969-M, 2000 Ohio

App. LEXIS 3713, *19 (Aug. 16, 2000); R.C. 2923.02(E)(1). This is further supported by the commentary to R.C. 2923.02, the attempt statute, which states that "with three exceptions, [R.C. 2923.02] establishes an attempt to commit any offense as an offense in itself." R.C. 2923.02, 1974 Committee Comment to H511. The three exceptions are "an attempt to commit conspiracy, an attempt to commit a minor misdemeanor, and an attempt to commit any offense which in itself is defined as an attempt." *Id.*; *see, e.g.,* R.C. 2919.25(A) (domestic violence: "cause or attempt to cause physical harm to a family or household member"); R.C. 2921.34(A)(1) (escape: "break or attempt to break the detention"); R.C. 2903.11(A)(2) (felonious assault: "[c]ause or attempt to cause physical harm to another or another's unborn"). None of these exceptions apply in this case.

{¶15} Further, *Burnside* and *M.R.* are distinguishable because the specific factors surrounding the convictions in those cases mandated exclusion of the convictions under another subsection of R.C. 2953.36. *See Burnside* at ¶ 22 (attempted rape excluded pursuant to former R.C. 2953.36(G) because it was a felony of the second degree); *M.R.* at ¶ 22-24 (attempted pandering of obscenity excluded pursuant to former R.C. 2953.36(F) because it was a felony involving a victim under eighteen years of age). Thus, the Seventh and Eighth Districts' additional reliance on *Reid* was dicta.

{¶16} In light of the State's reliance upon legal authority which this Court finds unpersuasive, and a plain reading of R.C. 2953.36(A)(2), a conviction for attempted unlawful sexual conduct with a minor is not precluded from sealing under that section. Accordingly, the trial court erred in concluding that a conviction for attempted unlawful sexual conduct with a minor is excluded from sealing pursuant to R.C. 2953.36(A)(2). This Court expresses no opinion

as to whether A.V. is an eligible offender or as to the merits of A.V.'s motion for sealing the record of his conviction. A.V.'s assignment of error is sustained.

### III.

**{¶17}** A.V.'s assignment of error is sustained. The judgment of the Lorain County Common Pleas Court is reversed and the cause is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

KENNETH M. LIEUX, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.