[Cite as *State v. J.B.*, 2019-Ohio-4659.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

      Appellee

v.

J. B.

      Appellant

C.A. No.     29286

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    1997CRB2031
                  1998CRB2837
                  2006CRA2418
                  2006CRB3868

DECISION AND JOURNAL ENTRY

Dated: November 13, 2019

TEODOSIO, Presiding Judge.

{¶1}  Appellant, J.B., appeals from the judgment of the Stow Municipal Court, denying his application to seal his records.  This Court reverses and remands.

I.

{¶2}  J.B. was previously convicted of drug paraphernalia offenses, disorderly conduct, and passing bad checks in three separate cases.  In two other cases, a fail to file income taxes charge and a passing bad checks charge were both dismissed.  Pursuant to R.C. 2953.31 et seq., J.B. filed an application to seal his records in the aforementioned cases.  An investigation by the probation department revealed that J.B. was also previously convicted of carrying concealed weapons and misdemeanor assault in a case before the common pleas court.  The trial court, without holding a hearing, issued an order denying the application to seal the records.  J.B. filed a motion for reconsideration, which the trial court denied.

{¶3} J.B. now appeals from the trial court's denial of his application to seal his records and raises two assignments of error for this Court's review.

{¶4} Because the issues in this matter are so closely related and J.B.'s arguments overlap to an extent, we will consolidate and address them together.

II.

## ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED IN RULING THAT APPLICANT'S CONVICTION FOR ASSAULT (M1)[] IS AN "OFFENSE OF VIOLENCE" UNDER R.C.[ ]2953.31 THAT PRECLUDED APPLICANT FROM SEALING HIS RECORD.

## ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED IN DENYING THE APPLICATION TO SEAL THE RECORD WITHOUT FIRST HOLDING A HEARING PURSUANT TO R.C. 2953.32.

{¶5} In his first assignment of error, J.B. argues that the trial court erred in determining his prior conviction for an offense of violence, to wit: misdemeanor assault, precluded him from having his records sealed.

{¶6} Contrary to J.B.'s argument, however, the trial court did not find that he was precluded from sealing his records merely because he was previously convicted of misdemeanor assault. Instead, the court recognized assault to be an "offense of violence" under R.C. 2901.01(A)(9), and thus utilized R.C. 2953.31(A)(1)(b) instead of R.C. 2953.31(A)(1)(a) to determine if J.B. was an "eligible offender" for sealing purposes. The court then found him to be ineligible for sealing not because he was previously convicted of assault, but because he did not satisfy the R.C. 2953.31(A)(1)(b) requirement of having "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one

misdemeanor conviction[,]" as "the quantity of his convictions exceeds the threshold allowable under the applicable law."

{¶7} Because J.B.'s first assignment of error is based on a false premise, it is overruled. His interwoven argument under this assignment of error as to R.C. 2953.36(A)(3)'s effect on the classification of misdemeanor assault as an "offense of violence" will be addressed below.

{¶8} In his second assignment of error, J.B. argues that the trial court erred in denying his application to seal his records without first holding a hearing. We agree.

{¶9} When a case hinges upon the interpretation of the sealing statutes and an applicant's eligibility under the same, this Court employs a de novo standard of review. *Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6. "A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶10} The sealing of a criminal record * * * is an "act of grace created by the state" and should be granted only when all requirements for eligibility are met, because it is a "privilege, not a right." (Internal citations omitted.) *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11. Moreover, "[t]he process of sealing a record of conviction does not consist of the general evaluation of a person's soul—it is statutory." *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 17.

{¶11} R.C. 2953.32(A)(1) only permits an "eligible offender" to apply for the sealing of his record. "Pursuant to R.C. 2953.32(C)(1)(a), the trial court must determine whether the applicant is an eligible offender." *V.M.D.* at ¶ 14. Former R.C. 2953.31(A) defined "eligible offender" as anyone who has been convicted of "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one

misdemeanor conviction in this state or any other jurisdiction." Effective October 29, 2018, however, the legislature amended R.C. 2953.31. In doing so, the above definition of an "eligible offender" under Former R.C. 2953.31(A) remained intact under the newly-formed R.C. 2953.31(A)(1)(b), while a new category of "eligible offenders" was created under R.C. 2953.31(A)(1)(a), and is defined as follows:

> Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors *and none of those offenses are an offense of violence* or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors *and none of those offenses would be an offense of violence* or a felony sex offense * * *.

(Emphasis added.). J.B. filed his application to seal his records on November 9, 2018, eleven days after the effective date of this amendment to R.C. 2953.31, and the current version of the statute is therefore controlling in this case. *See State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus ("The statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling.").

{¶12} Upon the filing of an application to seal a record, the trial court "shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." R.C. 2953.32(B). "The primary purpose of a sealing hearing is the gathering of information in order to provide the trial court with all the relevant information regarding the applicant's compliance with the sealing criteria." *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 8. This Court has construed the language of R.C. 2953.32(B) to mean that "'[t]he court may not dispose of the application without holding a hearing because the language of the statute is mandatory, not permissive.'" *State v. Smith*, 9th Dist. Summit No. 23717, 2007-Ohio-7055, ¶ 8,

quoting *State v. Mallardi*, 9th Dist. Summit No. 19842, 2000 WL 487735, *1 (Apr. 26, 2000). *See also State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 27-29.

{¶13} Despite the hearing requirement set forth in R.C. 2953.32(B), however, this Court has oft recognized that a hearing is required "[u]nless an offender's conviction is statutorily exempt from sealing as a matter of law * * *." *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 7, citing *State v. Campbell*, 9th Dist. Summit No. 24919, 2010-Ohio-128, ¶ 8 (concluding the requirements to set a hearing and make certain determinations under R.C. 2953.32(B) and (C) are not implicated when the conviction at issue is expressly excluded from the sealing statutes by R.C. 2953.36). R.C. 2953.36 exempts certain convictions from the scheme of the sealing statutes. *Campbell* at ¶ 7. "[T]hus, an offender seeking to have sealed the records of conviction for an offense listed in R.C. 2953.36 is an ineligible offender." *V.M.D.* at ¶ 14.

{¶14} Relevant to J.B.'s case is R.C. 2953.36(A)(3), which provides in part:

[S]ections 2953.31 to 2953.35 of the Revised Code do not apply to * * * [c]onvictions of an offense of violence when the offense is a misdemeanor of the first degree * * * *and is not a violation of section 2903.13 * * * of the Revised Code that is a misdemeanor of the first degree * * *.*

(Emphasis added.). J.B. concedes that his first-degree misdemeanor assault, prohibited under R.C. 2903.13, is considered an "offense of violence" under R.C. 2901.01(A)(9). Yet, based on the language of R.C. 2953.36(A)(3), he posits that misdemeanor assault is nonetheless "excepted from the definition of a crime of violence" for purposes of the sealing statutes. While this Court agrees that R.C. 2953.36(A)(3) explicitly excludes misdemeanor assault from its list of exempted offenses, and thus does not outright preclude the offense from being sealed, we do not agree with J.B.'s contention that this statute likewise strips misdemeanor assault of its general classification

as an "offense of violence" under R.C. 2901.01(A)(9) for sealing purposes. *See V.M.D.* at ¶ 15 ("R.C. 2953.36 speaks for itself.").

{¶15} Because R.C. 2953.36 does not exempt J.B.'s misdemeanor assault conviction from the sealing statutes, the trial court was required to hold a hearing in accordance with R.C. 2953.32(B) to determine J.B.'s eligibility for sealing. This Court therefore concludes that the trial court erred when it issued its order denying J.B.'s application for sealing without first holding the requisite hearing. The State concedes the error and agrees that the matter must be remanded back to the trial court for a hearing. We take no position as to whether the trial court should determine J.B. to be eligible or ineligible to have his records sealed following a hearing upon remand, but a proper hearing must nonetheless be held under the law. *See* R.C. 2953.32(B).

{¶16} J.B.'s second assignment of error is sustained.

III.

{¶17} J.B.'s first assignment of error is overruled. His second assignment of error is sustained. The judgment of the Stow Municipal Court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.


APPEARANCES:

GREGORY B. MATHEWS, Attorney at Law, for Appellant.

RUSSELL BALTHIS, Director of Law, and GREGORY WARD, Assistant Director of Law, for Appellee.