[Cite as *State v. A.V.*, 2020-Ohio-3519.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

STATE OF OHIO

    Appellee

v.

A. V.

    Appellant

C.A. No.     19CA011517

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    05CR069276

DECISION AND JOURNAL ENTRY

Dated: June 30, 2020

CARR, Presiding Judge.

{¶1}    Appellant, A.V., appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands.

I.

{¶2}    In 2005, the Lorain County Grand Jury indicted A.V. on one count of attempted unlawful sexual conduct with a minor, one count of importuning, and one count of possession of criminal tools. A.V. ultimately pleaded no contest to the charges. The trial court found A.V. guilty and imposed a six-month prison sentence as well as a term of post-release control. The trial court also notified A.V. of his duty to register as a sexually oriented offender under Megan's Law.

{¶3}    In 2017, A.V. filed a motion to seal his record of convictions. After conducting a hearing, the trial court denied the motion on the basis that it did not have authority to seal a conviction for attempted unlawful sexual conduct with a minor. This Court reversed the trial court's judgment on the basis that the trial court erred in concluding that a conviction for attempted

unlawful sexual conduct with a minor is excluded from the sealing statute under R.C. 2953.36(A)(2). *State v. A.V.*, 9th Dist. Lorain No. 17CA011138, 2018-Ohio-785, ¶ 16.

{¶4} On remand, the trial court held another hearing where both parties presented oral arguments. On March 29, 2018, the trial court issued a journal entry denying the motion. This Court affirmed the trial court's judgment on the basis that A.V. failed to present evidence in support of his motion at the hearing. *State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 17.

{¶5} On May 9, 2019, A.V. filed another motion to seal the record of his convictions, along with numerous exhibits in support thereof. The trial court issued a journal entry denying the motion the following day.

{¶6} A.V. filed a timely notice of appeal. Now before this Court, A.V. raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO SEAL HIS CONVICTION[S] FOR ATTEMPTED UNLAWFUL SEXUAL CONDUCT WITH A MINOR[,] [R.C.] []2923.02(A)/[]2907.04(A), IMPORTUNING[,] AND POSSESSION OF CRIMINAL TOOLS.

{¶7} In his sole assignment of error, A.V. contends that the trial court failed to adequately consider his motion when it denied the motion prior to setting the matter for a hearing. This Court agrees.

{¶8} "Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from the denial of an application to seal a record of conviction." *State v. Calderon*, 9th Dist. Medina No. 09CA0088-

M, 2010-Ohio-2807, ¶ 6. "If the matter in dispute concerns the court's discretion, such as its conclusion that the evidence does not weigh in favor of expungement, then an abuse of discretion standard applies." *Id*. When a case turns upon the interpretation of the sealing statutes, however, this Court employs a de novo standard of review. *Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6.

{¶9} Under R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." R.C. 2953.32(B) provides that "[u]pon the filing of an application under this section, the court shall set aside a date for a hearing and shall notify the prosecutor for the case of the hearing on the application." This Court has held that when an eligible offender files a motion to seal a record, the trial court should not dispose of the motion without setting the matter for a hearing. *See State v. J.B.*, 9th Dist. Summit No. 29286, 2019-Ohio-4659, ¶ 12. The primary purpose of a sealing hearing is to gather information. *Id*.

{¶10} In this case, the State has conceded that the trial court failed to comply with the requirements of R.C. 2953.32(B). The Supreme Court of Ohio has noted that "[s]etting a date implies that sealing will be considered in the future." *State ex rel. Cincinnati Enquirer v. Lyons*, 140 Ohio St.3d 7, 2014-Ohio-2354, ¶ 27. Here, the trial court issued a one-sentence journal entry denying A.V.'s motion the day after it was filed. Under these circumstances, the trial court was not able to gather information prior to ruling on the motion as required by R.C. 2953.32(B). A.V.'s assignment of error is sustained to the extent that the trial court failed to comply with R.C. 2953.32(B). In reaching this conclusion, this Court takes no position as to the merits of A.V.'s motion.

{¶11} The assignment of error is sustained.

III.

{¶12}   A.V.'s sole assignment of error is sustained.  The judgment of the Lorain County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

<u>APPEARANCES:</u>

KENNETH M. LIEUX, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.