[Cite as *State v. J.B.*, 2021-Ohio-187.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

     Appellee

v.

J. B.

     Appellant

C.A. No.     29699

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.   1997CRB2031
             1998CRB2837
             2006CRA2418
             2006CRB3868

DECISION AND JOURNAL ENTRY

Dated: January 27, 2021

---

SCHAFER, Judge.

**{¶1}** Defendant-Appellant, J.B., appeals from the judgment of the Stow Municipal Court, denying his application to seal his records. This Court affirms.

I.

**{¶2}** J.B. moved to seal his criminal records in five separate cases. Three of those cases resulted in convictions on the following charges: (1) drug paraphernalia offenses, a fourth-degree misdemeanor; (2) disorderly conduct, a minor misdemeanor; and (3) passing bad checks, a first-degree misdemeanor by virtue of a plea agreement. The two other cases resulted in dismissals and involved a charge for failing to file income taxes and a charge for passing bad checks.

**{¶3}** J.B. also had a sixth criminal case that he did not move to seal. That case resulted in (1) a conviction for assault, a first-degree misdemeanor; (2) a conviction for carrying a concealed weapon, a fourth-degree felony; and (3) the dismissal of a charge for aggravated

menacing. Although he did not move to seal his sixth case, the probation department advised the trial court that he was not eligible to have his other cases sealed because he had been convicted of an offense of violence (i.e., assault) and had more than two misdemeanor convictions. The trial court agreed with that assessment and denied J.B.'s application for sealing without holding a hearing.

{¶4} J.B. appealed from the trial court's denial of his application to seal his records. On appeal, this Court determined that the trial court had erred when it denied the application for sealing without first holding a mandatory hearing. *State v. J.B.*, 9th Dist. Summit No. 29286, 2019-Ohio-4659, ¶ 15. We, therefore, remanded the matter for the requisite hearing. *Id.* In doing so, we took no position on J.B.'s eligibility for sealing. *Id.*

{¶5} On remand, the trial court held a hearing on J.B.'s application for sealing. The court then denied his application, finding that he was not eligible to have his records sealed.

{¶6} J.B. now appeals from the trial court's judgment, denying his application for sealing. He raises one assignment of error for our review.

II.

**Assignment of Error**

**The trial court erred in ruling that J.B. is not an eligible offender to have his criminal records sealed.**

{¶7} In his sole assignment of error, J.B. argues that the trial court erred when it found that he was not an eligible offender for purposes of having his criminal records sealed. We do not agree that the trial court erred.

{¶8} When a case hinges upon the interpretation of the sealing statutes and an applicant's eligibility under the same, this Court employs a de novo standard of review. *Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6. "A de novo review requires an independent review of

the trial court's decision without any deference to the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶9} "The sealing of a criminal record * * * is an 'act of grace created by the state.'" *State v. Boykin*, 138 Ohio St.3d 97, 2013-Ohio-4582, ¶ 11, quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996). "It should be granted only when all requirements for eligibility are met, because it is a 'privilege, not a right.'" *Boykin* at ¶ 11, quoting *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, ¶ 6. The sealing statute permits any "eligible offender" to apply for sealing once enough time has passed. R.C. 2953.32(A)(1). There are two eligibility categories, separated by the number and type of offenses of which an offender has been convicted. *See* R.C. 2953.31(A)(1)(a)-(b). Relevant to this appeal, the first category excludes offenders who have been convicted of "an offense of violence." *See* R.C. 2953.31(A)(1)(a). Offenses of violence are statutorily defined in R.C. 2901.01(A)(9). *See J.B.*, 2019-Ohio-4659, at ¶ 14.

{¶10} If an offender previously has been convicted of an offense of violence and wishes to have his criminal record(s) sealed, he must meet the eligibility requirements set forth in R.C. 2953.31(A)(1)(b). Relevant to this appeal, that subsection defines an "eligible offender" as "[a]nyone who has been convicted of an offense * * * and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." R.C. 2953.31(A)(1)(b).

{¶11} J.B. concedes that he has a prior conviction for assault, which is an offense of violence. *See* R.C. 2901.01(A)(9)(a) (including as an offense of violence any violation of R.C. 2903.13). He nonetheless argues that the trial court should have applied R.C. 2953.31(A)(1)(a) when determining whether he was an "eligible offender." According to J.B., the legislature has made clear that a conviction for misdemeanor assault is eligible for sealing, even though it is

generally considered an offense of violence. *See* R.C. 2953.36(A)(3). Because a conviction for misdemeanor assault is eligible for sealing under R.C. 2953.36(A)(3), J.B. argues, it should not be considered an "offense of violence" for purposes of R.C. 2953.31(A)(1)(a).

{¶12} "R.C. 2953.36 precludes the sealing of records of certain convictions * * *." *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 14. In other words, if an offender has been convicted of one of the offenses enumerated in that statute, he "is an ineligible offender" as a matter of law. *Id.* The statute generally prohibits the sealing of offenses of violence, but does specifically allow for the sealing of a conviction for first-degree misdemeanor assault under R.C. 2903.13. R.C. 2953.36(A)(3). Accordingly, an offender who has been convicted of first-degree misdemeanor assault under R.C. 2903.13 is not per se ineligible to have his record(s) sealed. *See V.M.D.* at ¶ 14; R.C. 2953.36(A)(3).

{¶13} "While this Court agrees that R.C. 2953.36(A)(3) * * * does not outright preclude the offense [of misdemeanor assault] from being sealed, we do not agree with J.B.'s contention that this statute likewise strips misdemeanor assault of its general classification as an 'offense of violence' under R.C. 2901.01(A)(9) for sealing purposes." *J.B.*, 2019-Ohio-4659, at ¶ 14. An applicant for sealing whose offenses are not statutorily exempt from sealing still must otherwise demonstrate that he is an "eligible offender." *See id.* at ¶ 14-15; R.C. 2953.32(A)(1). Because J.B.'s misdemeanor assault conviction was an offense of violence, *see* R.C. 2901.01(A)(9)(a), the trial court correctly determined that he was subject to the "eligible offender" definition contained in R.C. 2953.31(A)(1)(b).

{¶14} Under R.C. 2953.31(A)(1)(b), an eligible offender is someone who has "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction." The

trial court concluded that, because J.B. had more than two misdemeanor convictions, he was not eligible to have his records sealed. The trial court further concluded that J.B. was not eligible because he had been convicted of more than one felony and one misdemeanor. J.B. has not challenged the court's conclusion that he is not eligible for sealing under R.C. 2953.31(A)(1)(b). His argument is limited to the court's interpretation and application of R.C. 2953.31(A)(1)(a). Because J.B. has not addressed the court's application of R.C. 2953.31(A)(1)(b), we will not develop an argument on his behalf. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998) ("If an argument exists that can support this assignment of error, it is not this court's duty to root it out."). J.B. has not shown that the trial court erred when it denied his application for sealing. As such, J.B.'s sole assignment of error is overruled.

### III.

{¶15} J.B.'s sole assignment of error is overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

GREGORY B. MATHEWS, Attorney at Law, for Appellant.

RUSSELL BALTHIS, Law Director, and GREGORY WARD, Attorney at Law, for Appellee.