[Cite as *State v. N.V.*, 2021-Ohio-3868.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

N. V.

    Appellant

C.A. No.     21CA011728


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15CR092329

DECISION AND JOURNAL ENTRY

Dated: November 1, 2021

---

CARR, Judge.

{¶1} Defendant-Appellant N.V. appeals the judgment of the Lorain County Court of Common Pleas. This Court reverses and remands the matter for proceedings consistent with this decision.

I.

{¶2} N.V. was indicted in 2015 on one count of sexual battery and one count of tampering with evidence. Ultimately, N.V. pleaded guilty to an amended indictment: one count of contributing to the unruliness or delinquency of a child in violation of R.C. 2919.24, a misdemeanor of the first degree and one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree. N.V. was sentenced to a term of three years of community control that was set to expire May 18, 2019. A November 17, 2017 entry reflects that N.V. was successfully discharged from "probation[.]"

**{¶3}** On January 20, 2021, N.V. filed an application pursuant to R.C. 2953.32 to seal his records. On January 25, 2021, the trial court issued an entry denying his application. Specifically, the trial court stated that N.V.'s application was "not well taken and DENIED, the offense is not an eligible expungeable offense."

**{¶4}** N.V. has appealed, raising three assignments of error for our review. They will be addressed out of sequence to facilitate our analysis.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [N.V.'S] APPLICATION TO SEAL HIS CRIMINAL RECORDS AS HE MEETS THE DEFINITION OF AN "ELIGIBLE OFFENDER" PURSUANT TO R.C. 2953.31(A)(1)(B) AND THE CRIMINAL OFFENSES HE SOUGHT TO HAVE SEALED ARE SUBJECT TO CRIMINAL RECORD SEALING PURSUANT TO R.C. 2953.32.

**{¶5}** N.V. argues in his third assignment of error that the trial court improperly determined that his offenses were not eligible to be sealed as opposed to determining whether he was an eligible offender.

**{¶6}** In the trial court's brief entry, it stated as follows: "Defendant's Order to Seal Records Pursuant to O.R.C. 2953.32 is not well taken and DENIED, the offense is not an eligible expungeable offense." While given the brevity of the entry, and the record before this Court, it is difficult to discern why the trial court concluded as it did, it appears the trial court found that R.C. 2953.36 barred the relief N.V. sought.

**{¶7}** The version of R.C. 2953.36 in effect at the time N.V. filed his motion[1] provides:

(A) Except as otherwise provided in division (B) of this section, sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following:

---

[1] The Supreme Court has held that "[t]he statutory law in effect at the time of the filing of an R.C. 2953.32 application to seal a record of conviction is controlling." *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, paragraph two of the syllabus.

(1) Convictions when the offender is subject to a mandatory prison term;

(2) Convictions under section 2907.02, 2907.03, 2907.04, 2907.05, 2907.06, 2907.321, 2907.322, or 2907.323, former section 2907.12, or Chapter 4506., 4507., 4510., 4511., or 4549. of the Revised Code, or a conviction for a violation of a municipal ordinance that is substantially similar to any section contained in any of those chapters, except as otherwise provided in section 2953.61 of the Revised Code;

(3) Convictions of an offense of violence when the offense is a misdemeanor of the first degree or a felony and when the offense is not a violation of section 2917.03 of the Revised Code and is not a violation of section 2903.13, 2917.01, or 2917.31 of the Revised Code that is a misdemeanor of the first degree;

(4) Convictions on or after October 10, 2007, under section 2907.07 of the Revised Code or a conviction on or after October 10, 2007, for a violation of a municipal ordinance that is substantially similar to that section;

(5) Convictions on or after October 10, 2007, under section 2907.08, 2907.09, 2907.21, 2907.22, 2907.23, 2907.31, 2907.311, 2907.32, or 2907.33 of the Revised Code when the victim of the offense was under eighteen years of age;

(6) Convictions of an offense in circumstances in which the victim of the offense was less than sixteen years of age when the offense is a misdemeanor of the first degree or a felony, except for convictions under section 2919.21 of the Revised Code;

(7) Convictions of a felony of the first or second degree;

(8) Bail forfeitures in a traffic case as defined in Traffic Rule 2.

(B) Sections 2953.31 to 2953.35 of the Revised Code apply to a conviction listed in this section if, on the date of the conviction, those sections did not apply to the conviction, but after the date of the conviction, the penalty for or classification of the offense was changed so that those sections apply to the conviction.

{¶8} As used in former R.C. 2953.36(A)(3), an offense of violence means:

(a) A violation of section 2903.01, 2903.02, 2903.03, 2903.04, 2903.11, 2903.12, 2903.13, 2903.15, 2903.21, 2903.211, 2903.22, 2905.01, 2905.02, 2905.11, 2905.32, 2907.02, 2907.03, 2907.05, 2909.02, 2909.03, 2909.24, 2911.01, 2911.02, 2911.11, 2917.01, 2917.02, 2917.03, 2917.31, 2919.25, 2921.03, 2921.04, 2921.34, or 2923.161, of division (A)(1) of section 2903.34, of division (A)(1), (2), or (3) of section 2911.12, or of division (B)(1), (2), (3), or (4) of section 2919.22 of the Revised Code or felonious sexual penetration in violation of former section 2907.12 of the Revised Code;

(b) A violation of an existing or former municipal ordinance or law of this or any other state or the United States, substantially equivalent to any section, division, or offense listed in division (A)(9)(a) of this section;

(c) An offense, other than a traffic offense, under an existing or former municipal ordinance or law of this or any other state or the United States, committed purposely or knowingly, and involving physical harm to persons or a risk of serious physical harm to persons;

(d) A conspiracy or attempt to commit, or complicity in committing, any offense under division (A)(9)(a), (b), or (c) of this section.

{¶9} Thus, R.C. 2953.36 lists certain convictions which are outside the sealing provisions contained in R.C. 2953.31 to 2953.35. *See also State v. J.B.*, 9th Dist. Summit No. 29286, 2019-Ohio-4659, ¶ 13. Further, while a hearing is mandated under R.C. 2953.32(B), given the plain language of R.C. 2953.36, it makes sense that a hearing is not required if "an offender's conviction is statutorily exempt from sealing as a matter of law * * *." (Internal quotations and citations omitted.) *Id.* "R.C. 2953.36 exempts certain convictions from the scheme of the sealing statutes." *Id.* "'[T]hus, an offender seeking to have sealed the records of convictions for an offense listed in R.C. 2953.36 is an ineligible offender.'" *Id.*, quoting *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, ¶ 14. Consideration of whether N.V.'s convictions fall within the parameters of former R.C. 2953.36 is a question of law this Court reviews de novo. *See State v. A.V.*, 9th Dist. Lorain No. 17CA011138, 2018-Ohio-785, ¶ 5.

{¶10} N.V. was convicted of violating R.C. 2919.24, a first-degree misdemeanor, and R.C. 2921.12(A)(1), a third-degree felony. The State has acknowledged that N.V.'s convictions are not among those that are ineligible for sealing pursuant to former R.C. 2953.36 and conceded error. We agree. Nothing in this Court's record evidences that any provision of the applicable version of R.C. 2953.36 would apply to bar N.V.'s motion.

{¶11} Because it appears the trial court concluded that R.C. 2953.36 applied to bar N.V.'s application, it likewise appears that the trial court did not consider the remaining

provisions of R.C. 2953.31 to 2953.35 and apply them to the facts of this case. *See* former R.C. 2953.36(A) (noting that "sections 2953.31 to 2953.35 of the Revised Code do not apply" to convictions listed in former R.C. 2953.36(A)). As the trial court erred in concluding that former R.C. 2953.36 applied to bar N.V.'s motion, we sustain N.V.'s third assignment of error to that extent and remand the matter for the trial court to further consider N.V.'s motion. This Court takes no position on the merits of N.V.'s motion.

{¶12} N.V.'s third assignment of error is sustained to the extent discussed above.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING [N.V.'S] APPLICATION TO SEAL THE CONVICTION RECORD WITHOUT HOLDING THE STATUTORILY MANDATED HEARING PURSUANT TO R.C. 2953.32.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED [N.V.'S] APPLICATION TO SEAL HIS CONVICTION RECORD WITHOUT ANY INFORMATION, ANALYSIS, OR REASONING IN ITS JUDGMENT ORDER REFLECTING ITS CONSIDERATION OF THE STATUTORY FACTORS PURSUANT TO R.C. 2953.32.

{¶13} In N.V.'s first and second assignments of error, N.V. raises additional arguments with respect to the trial court's denial of his motion. Given this Court's resolution of his third assignment of error, these arguments are not properly before us at this time.

III.

{¶14} N.V.'s third assignment of error is sustained to the extent discussed above. The merits of his remaining assignments of error are not properly before us at this time given this Court's resolution of N.V.'s third assignment of error.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
SUTTON, J.
CONCUR.

APPEARANCES:

CORINNE A. HUNTLEY, and JULIE C. CORTES, Attorneys at Law, for Appellant.

J. D. TOMLINSON, Prosecuting Attporney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.