[Cite as *State v. A.L.M.*, 2017-Ohio-2772.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-722 |
| v. | : | (C.P.C. No. 16EP-611) |
| [A.L.M.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 11, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Valerie B. Swanson*, for appellant. **Argued:** *Valerie B. Swanson*.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, A.L.M., sealing the record of his conviction in case No. 14CR-1392. For the reasons that follow, we reverse.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 6, 2004, appellee was convicted in case No. 2004CRB-012084 of criminal damaging or endangering, in violation of R.C. 2909.06, a misdemeanor of the first degree, and menacing, in violation of R.C. 2903.22, a misdemeanor of the fourth degree. Appellee committed the crimes on February 13, 2004. A charge of disorderly conduct in that case was dismissed.

{¶ 3} On September 12, 2005, appellee was convicted in case No. 2005CRB-015845 of negligent assault, in violation of R.C. 2903.14, a misdemeanor of the third

degree. The criminal conduct occurred on July 4, 2005. The original charge of assault was amended to negligent assault by agreement.

{¶ 4} On September 12, 2005, appellee was convicted in case No. 2005CRB-019990 of violating a protection order, in violation of R.C. 2919.27, a misdemeanor of the first degree. The criminal conduct occurred on August 13, 2005. Appellee was subsequently convicted in case No. 2011CRB-015984 on July 27, 2011 of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14, a misdemeanor of the fourth degree. The criminal conduct occurred on July 17, 2011.

{¶ 5} Finally, on July 9, 2014, appellee was convicted in case No. 14CR-1392 of attempted improper handling of a firearm in a motor vehicle, in violation of R.C. 2923.02 as it relates to R.C. 2923.16, a misdemeanor of the first degree. The trial court sentenced appellee to two days in jail but suspended the jail sentence.

{¶ 6} On August 17, 2016, appellee filed an application, pursuant to R.C. 2953.32, for an order sealing the record of his conviction in case No. 14CR-1392. Appellant filed its objection to the application on August 25, 2016, arguing that appellee did not qualify as an eligible offender under the statutory law. On October 14, 2016, the trial court granted the application.

{¶ 7} Appellant filed a timely notice of appeal to this court from the trial court judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 8} Appellant presents the following two assignments of error:

[1.] THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO SEAL THE RECORD OF CASE NO. 14CR-1392, AS IT LACKED JURISDICTION TO SO BASED UPON DEFENDANT'S FAILURE TO QUALIFY AS AN "ELIGIBLE OFFENDER."

[2.] THE TRIAL COURT ERRED WHEN IT SEALED THE CONVICTION FOR THE EXPRESS PURPOSE OF GIVING THE APPLICANT AN ILLEGAL PERIOD OF TIME IN WHICH TO DENY THE EXISTENCE OF THIS CONVICTION TO EMPLOYERS AND OTHERS.

## III.  STANDARD OF REVIEW

{¶ 9}   Generally, a reviewing court " 'will not reverse a trial court's decision on an R.C. 2953.52 application to seal absent an abuse of discretion.' "  *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 7, quoting *In re Dumas*, 10th Dist. No. 06AP-1162, 2007-Ohio-3621, ¶ 7, citing *State v. Haney,* 70 Ohio App.3d 135, 138 (10th Dist.1991). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  "However, where questions of law are in dispute, an appellate court reviews the trial court's determination de novo."  *Nichols* at ¶ 7, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 9.  Whether an applicant is an "eligible offender" for purposes of an application to seal the record of a conviction is an issue that we review de novo.  *State v. Tauch*, 10th Dist. No. 13AP-327, 2013-Ohio-5796, ¶ 7.

## IV.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 10} In appellant's first assignment of error, appellant contends that the trial court erred when it granted appellee's application to seal the record of his conviction because appellee is not an eligible offender.  We agree.

{¶ 11} " 'Expungement is a post-conviction relief proceeding which grants a limited number of convicted persons the privilege of having record of their * * * conviction sealed.' "  *In re Koehler*, 10th Dist. No. 07AP-913, 2008-Ohio-3472, ¶ 12, quoting *State v. Smith*, 3d Dist. No. 9-04-05, 2004-Ohio-6668, ¶ 9.  Expungement " ' "is an act of grace created by the state" and so is a privilege, not a right.' "  *Koehler* at ¶ 14, quoting *State v. Simon*, 87 Ohio St.3d 531, 533 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639 (1996).  " ' "Because expungement is a matter of privilege rather than of right, the requirements of the expungement statute must be adhered to strictly." ' "  *State v. Pollard*, 11th Dist. No. 2016-A-0004, 2016-Ohio-4744, ¶ 11, quoting *State v. Mahaney*, 11th Dist. No. 12-208 (Aug. 12, 1988), quoting *State v. Thomas*, 64 Ohio App.2d 141, 145 (8th Dist.1979).  "In Ohio, 'expungement' remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority."  *Nichols* at ¶ 8, citing *Pariag* at ¶ 11.

{¶ 12} Pursuant to R.C. 2953.32(A)(1), "an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction." Where the offender was convicted of a misdemeanor, the "[a]pplication may be made at the expiration of * * * one year after the offender's final discharge." R.C. 2953.32(A)(1). A court can grant an application to seal a criminal record only to an "eligible offender." "If an applicant is not an eligible offender, a trial court lacks jurisdiction to grant the application." *State v. Gainey*, 10th Dist. No. 14AP-583, 2015-Ohio-3119, ¶ 10, citing *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6.

{¶ 13} In this instance, appellee waited the appropriate period of time before filing his application to seal the record of his conviction in case No. 14CR-1392. As appellant points out, however, appellee has a total of six misdemeanor convictions. R.C. 2953.31(A) defines the term "eligible offender" as follows:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, *not more than two misdemeanor convictions*, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

(Emphasis added.)

{¶ 14} At the hearing on appellee's application, the trial court made the following observation:

> THE COURT: Sir, you've applied for a – the Court to seal your record.

> One of the things that's required in order for the Court to be able to act is that you have to have a limited number of convictions.
>
> And it appears that based upon your Municipal Court convictions, although they're lower offenses, that I cannot grant you – I could, but it wouldn't do any good – grant you your request today. Basically the misdemeanor offenses – it's limited to either one felony, one misdemean – plus one misdemeanor, or if you have two misdemeanors and then you're here trying to get another one done, the Court is precluded from being able to grant your request.

(Oct. 13, 2016 Tr. at 2-3.)

{¶ 15} The trial court did not expressly determine whether any of appellee's six convictions were "connected with the same act or result from offenses committed at the same time." R.C. 2953.31(A). Nevertheless, appellee concedes that the two convictions in case No. 2004CRB-012084, which arise from criminal conduct occurring on the same day, "likely would count as a single conviction." (Appellant's Brief at 9.) Accordingly, two of appellee's six misdemeanor convictions count as a single offense for purposes of R.C. 2953.32(A)(1).

{¶ 16} In *Tauch*, this court discussed and applied the statutory provision permitting convictions to be combined when they result from the same official proceeding. R.C. 2953.31(A). In that case, the applicant, Sophy Tauch, sought an order sealing the record of certain misdemeanor convictions. Tauch had a total of three misdemeanor convictions, two of which resulted from related, but not the same, criminal acts that were committed within a three-month period. This court held that the trial court erred by not counting the two convictions as a single offense under R.C. 2953.31(A) because the offenses occurred within three months of one another, and they were resolved before the same court, the same judge, on the same day, and in the same hearing. *Id.* at ¶ 10-14.

{¶ 17} Though appellant disagrees with this court's prior decision in *Tauch*, appellant concedes that under *Tauch*, appellee's conviction of negligent assault in case No. 2005CRB-015845 and his conviction of violating a protection order in case No. 2005CRB-019990 would likely be counted as a single conviction because the two

convictions result from "the same official proceeding." *Id.* at ¶ 11, citing R.C. 2921.01(D). Thus, two of appellee's other misdemeanor convictions count as a single offense for purposes of R.C. 2953.32(A)(1).

{¶ 18} Even though appellee benefits from R.C. 2953.31(A), due to the merging of four of his misdemeanor convictions into two convictions, appellee still has four misdemeanor convictions for purposes of R.C. 2953.32(A)(1). Because appellee has more than two misdemeanor convictions, he is not an "eligible offender" under R.C. 2953.31(A) and 2953.32(A)(1). Furthermore, because appellee does not qualify as an eligible offender, the trial court lacked jurisdiction to grant his application to seal the record of his conviction in case No. 14CR-1392. *Gainey*; *Dominy*.

{¶ 19} Though the trial court recognized that appellee was not an eligible offender under the statutory law, the trial court nevertheless granted appellee's application to seal the record of appellee's conviction in case No. 14CR-1392. In so doing, the trial court expressed its desire to provide appellee with the opportunity, pending appeal, to obtain specific employment otherwise foreclosed to him by his conviction in case No. 14CR-1392. The trial court, however, did not have jurisdiction to grant appellee's application in this case, regardless of the reason. Thus, the trial court committed reversible error when it granted appellee's application to seal the record of conviction in case No. 14CR-1392. Accordingly, we sustain appellant's first assignment of error and remand this matter for the trial court to vacate its order granting appellee's application to seal the record of his conviction in case No. 14CR-1392, unseal the record of appellee's conviction, and dismiss the application. *State v. Wilson*, 10th Dist. No. 06AP-1060, 2007-Ohio-1811, ¶ 14; *Koehler* at ¶ 33.

## B. Appellant's Second Assignment of Error

{¶ 20} In appellant's second assignment of error, appellant contends that the trial court erred when it granted appellee's application to seal the record of his conviction "for the express purpose of giving the applicant an illegal period of time in which to deny the existence of this conviction to employers and others." App.R. 12(A)(1), however, provides that this court shall "[d]etermine the appeal on its merits on the assignments of error set forth in the briefs * * * [u]nless an assignment of error is made moot by a ruling on another assignment of error." App.R. 12(A)(1)(b) and (c). In ruling on appellant's first

assignment of error, we concluded that the trial court did not have jurisdiction to grant appellee's application to seal the record in case No. 14CR-1392. Accordingly, appellant's second assignment of error is made moot by our ruling on appellant's first assignment of error.

{¶ 21} Appellant argues, however, that this court must issue an order remanding this matter to the trial court with "specific instructions for the trial court to order applicant to correct any statement made to any person denying the existence of this conviction if that statement was made in the time period since the trial court's improper order granting the sealing on October 14, 2016." (Appellant's Brief at 13-14.) We disagree.

{¶ 22} Having determined that the trial court lacked jurisdiction of appellee's application to seal the record in case No. 14CR-1392, the appropriate relief is an order from this court reversing the judgment of the trial court and remanding the matter for the trial court to vacate its order granting appellee's application to seal the record of his conviction, unseal the record, and dismiss the application. *Wilson* at ¶ 14; *Koehler* at ¶ 33. Under the circumstances, the trial court is precluded from taking any further action other than dismissal, since to do so would involve retaining jurisdiction. *See* 5 American Jurisprudence 2d, Appellate Review, Section 760.

{¶ 23} For the foregoing reasons, appellant's second assignment of error is moot.

## V. CONCLUSION

{¶ 24} Having sustained appellant's first assignment of error and having determined that appellant's second assignment of error is moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this case for the trial court to enter an order dismissing appellee's application to seal the record of his conviction in case No. 14CR-1392.

*Judgment reversed;*
*cause remanded with instructions.*

DORRIAN and HORTON, JJ., concur.

_____