[Cite as *State v. Price*, 2017-Ohio-8591.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 17AP-535 |
| | | (C.P.C. No. 17EP 400) |
| James Price, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on November 16, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Valerie B. Swanson*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, P.J.

{¶ 1} The State of Ohio is appealing from the granting of an application to seal the trial court record of a case involving James Price. The State has assigned two errors for our consideration:

> [I.] THE TRIAL COURT ERRED IN GRANTING THE APPLICATION TO SEAL THE RECORD OF CASE NO. 13CR-5578, AS IT LACKED JURISDICTION TO DO SO BASED UPON APPLICANT'S FAILURE TO QUALIFY AS AN "ELIGIBLE OFFENDER."
>
> [II.] THE TRIAL COURT ERRED WHEN IT GRANTED AN APPLICATION TO SEAL THE RECORD OF A CONVICTION BEFORE THE STATUTORY WAITING PERIOD HAD ELASPED.

{¶ 2} No person has filed an appellate brief on behalf of Price.

{¶ 3}  Based on the information at our disposal, we find that the State of Ohio is correct in its assertion that Price is not an eligible offender. Price was charged with domestic violence in 2013. A plea bargain was worked out and he was convicted of disorderly conduct as a misdemeanor of the fourth degree following a guilty plea.

{¶ 4}  Over one year later, Price pled guilty to improper handling of a firearm, a fifth degree felony. This plea was the product of a second plea bargain. The events involved did not overlap.

{¶ 5}  About one month after his plea to the felony charges, Price was allowed to plead to a misdemeanor criminal mischief charge. Again, the plea was part of a plea bargain. A charge of domestic violence was amended to the criminal mischief charge. An assault charge was dismissed.

{¶ 6}  The phrase "eligible offender" is defined in R.C. 2953.31(A) as:

> "Eligible offender" means anyone who has been convicted of an offense in this state or any other jurisdiction and who has not more than one felony conviction, not more than two misdemeanor convictions , or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 7}  Price was involved in three separate instances of criminal conduct. He simply does not qualify as an eligible offender.

{¶ 8}  We, therefore, sustain the first assignment of error. Given our finding as to the first assignment of error, the second assignment of error is rendered moot. The timing of his filing is irrelevant since he did not qualify as an eligible offender.

{¶ 9}   As a result, we vacate the granting of the application to seal Price's criminal records and remand the case to the trial court to enter an entry denying the application to seal.

*Judgment vacated;*
*case remanded with instructions.*

KLATT and SADLER, JJ., concur.