[Cite as *State v. D.M.C.*, 2020-Ohio-3556.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 19AP-694 |
| v. | : | (C.P.C. No. 09CR-3361) |
| [D.M.C.], | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 30, 2020

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, State of Ohio, appeals the October 8, 2019 judgment entry sealing the record of conviction of defendant-appellee, D.M.C. For the following reasons, we reverse.

**I. Facts and Procedural History**

{¶ 2} This matter involves appellee's application to seal his record of convictions from two separate criminal cases, the facts of which are undisputed. On February 1, 1999, a Franklin County Grand Jury filed an indictment in case No. 99CR-483 charging appellee with three criminal counts: one count of felonious assault in violation of R.C. 2903.11, a felony of the second degree; and two counts of endangering children in violation of R.C. 2919.22, one of which was a felony of the second degree and the other a felony of the third degree. In the indictment, it was alleged with regard to both counts of endangering children that the victim was two years of age. On May 12, 1999, the trial court filed a judgment entry finding appellee guilty, pursuant to a plea of guilty, of a single count of endangering children

in violation of R.C. 2919.22, a felony of the third degree. The trial court sentenced appellee to a three-year period of incarceration.

{¶ 3} On June 5, 2009, a Franklin County Grand Jury filed an indictment in case No. 09CR-3361 charging appellee with a single count of possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree. On March 31, 2010, appellee entered a plea of no contest to the indictment. On May 13, 2010, the trial court filed a judgment entry finding appellee guilty of the charged offense and sentencing appellee to a two-year period of community control under intensive supervision.

{¶ 4} On July 15, 2019, appellee filed an application, pursuant to R.C. 2953.32, for an order sealing his record of convictions in both case Nos. 99CR-483 and 09CR-3361. On August 27, 2019, the state filed an objection to appellee's application. In the objection, the state asserted appellee had also been convicted in the Greene County Court of Common Pleas of one count of trafficking in drugs in violation of R.C. 2925.03, a felony of the fourth degree, and possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. Additionally, the state asserted that appellee had been convicted in the Fairborn Municipal Court of one count of assault in violation of R.C. 2903.13, and one count of violating a protection order in violation of R.C. 2919.27, both misdemeanors of the first degree.

{¶ 5} On October 3, 2019, the trial court held a hearing on appellee's application. On October 8, 2019, the trial court filed an entry granting appellee's application and ordering appellee's record of conviction in case No. 09CR-3361 to be sealed.

## II. Assignment of Error

{¶ 6} The state appeals and assigns a single error for our review:

> THE TRIAL COURT LACKED JURISDICTION TO SEAL DEFENDANT'S RECORD OF CONVICTION, BECAUSE HE FAILED TO MEET THE DEFINITION OF "ELIGIBLE OFFENDER."

## III. Analysis

{¶ 7}    In Ohio, the sealing of a record of conviction is a two-step process.[1]  First, a court must make a legal determination as to whether the applicant is an "eligible offender" under the pertinent statute.  *Compare* R.C. 2953.32 with 2953.52.  A court may grant an application to seal a record of conviction only to an "eligible offender" who meets all the statutory requirements.  *State v. Young*, 10th Dist. No. 19AP-49, 2019-Ohio-3161, ¶ 10; *State v. Paige*, 10th Dist. No. 15AP-510, 2015-Ohio-4876, ¶ 8.  Here, appellee filed an application to seal his records under R.C. 2953.32. R.C. 2953.32(A)(1) provides in pertinent part as follows:

> [A]n eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction. Application may be made at one of the following times:
>
> (a) At the expiration of three years after the offender's final discharge if convicted of one felony;
>
> (b) When division (A)(1)(a) of section 2953.31 of the Revised Code applies to the offender, at the expiration of four years after the offender's final discharge if convicted of two felonies, or at the expiration of five years after final discharge if convicted of three, four, or five felonies;
>
> (c) At the expiration of one year after the offender's final discharge if convicted of a misdemeanor.

R.C. 2953.31(A)(1) defines "eligible offender" as follows:

> (a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence or a felony sex offense;

---

[1] We note that " '[i]n Ohio, "expungement" remains a common colloquialism used to describe the process of sealing criminal records pursuant to statutory authority.' " *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 11, quoting *State v. Nichols*, 10th Dist. No. 14AP-498, 2015-Ohio-581, ¶ 8, quoting *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, ¶ 11. *See State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786.

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 8} If an applicant is not an eligible offender, a trial court lacks jurisdiction to grant the application. *State v. Dominy*, 10th Dist. No. 13AP-124, 2013-Ohio-3744, ¶ 6. The question of "[w]hether an applicant is an 'eligible offender' for purposes of an application to seal the record of a conviction is an issue that we review de novo." *State v. A.L.M.*, 10th Dist. No. 16AP-722, 2017-Ohio-2772, ¶ 9.

{¶ 9} Second, if the court finds the applicant to be an eligible offender, it must use its discretion to: (1) consider objections, if any, raised by the prosecutor, and (2) weigh the interests of the applicant to seal the record against the legitimate needs, if any, of the government to maintain those records. R.C. 2953.52(B)(2)(c) and (d). We apply an abuse of discretion standard when reviewing a trial court's resolution of these issues. *Paige* at ¶ 5, citing *State v. Black*, 10th Dist. No. 14AP-338, 2014-Ohio-4827, ¶ 6. An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} R.C. 2953.32(B) provides that a prosecutor may object to the granting of the application by filing an objection, including therein the reasons for believing a denial of the application is justified, with the court prior to the date set for the hearing on the application. If the trial court finds the applicant to be an eligible offender and, using its discretion, finds the other statutory factors support sealing the records of conviction, the trial court "*shall* order all official records of the case that pertain to the conviction * * * sealed." (Emphasis

added.) R.C. 2953.32(C)(2). "Statutes providing for the sealing of records 'are remedial and are, therefore, to be construed liberally to promote their purpose and assist the parties in obtaining justice.' " *State v. C.L.H.*, 10th Dist. No. 18AP-495, 2019-Ohio-3786, ¶ 14, quoting *State v. C.A.*, 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 11, citing *State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622 (1999), citing R.C. 1.11. *See Barker v. State*, 62 Ohio St.2d 35, 42 (1980).

{¶ 11} In this matter, at the hearing on appellee's application, the trial court concluded that the record of appellee's conviction in case No. 99CR-483 was not eligible to be sealed "because the victim in that case was under the age of 16." (Tr. at 2.) However, the trial court stated: "[t]he fact that [appellee] has an unrelated case for endangering [children] does not prohibit under the statute, that I can see, the expungement of the cocaine case [in 09CR-3361]." (Tr. at 3.) The state argues the trial court erred in its determination that appellee was an eligible offender. We agree.

{¶ 12} Before considering appellee's eligibility, it is important to note that, pursuant to R.C. 2953.32, a court must consider whether an applicant is an eligible offender as defined under R.C. 2953.31(A)(1), not whether a conviction for a particular offense is, in and of itself, eligible to be sealed. *Paige* at ¶ 8. Thus, the trial court appears to have erroneously considered whether the record of appellee's conviction for possession of cocaine was eligible to be sealed, not whether, considering appellee's record of convictions, appellee was an eligible offender. Nevertheless, we proceed to consider de novo whether appellee meets the requirements to be considered an eligible offender.

{¶ 13} First, appellee does not meet the requirements to be considered an eligible offender under R.C. 2953.31(A)(1)(a) because he has been convicted of a felony of the third degree and an offense of violence. An applicant is an eligible offender under R.C. 2953.31(A)(1)(a) if they have "been convicted of one or more offenses, but not more than five felonies, * * * if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense." Here, because appellant has been convicted of endangering children in violation of R.C. 2919.22, a felony of the third degree, he cannot be considered an eligible offender under R.C. 2953.31(A)(1)(a). *State v. D.D.G.*, 8th Dist. No. 108291, 2019-Ohio-4982, ¶ 14; *State v. Potts*, 11th Dist. No. 2019-T-0038, 2020-Ohio-989, ¶ 24. Additionally, as asserted

by the state in its objection to appellee's application and reiterated at the hearing on October 3, 2019, appellee has been convicted of assault in violation of R.C. 2903.13. Pursuant to R.C. 2901.01(A)(9): " '[o]ffense of violence' means any of the following: (a) A violation of [R.C.] 2903.13." Therefore, because appellee has been convicted of a felony of the third degree and an offense of violence, he is not an eligible offender under R.C. 2953.31(A)(1)(a). *State v. C.D.D.*, 10th Dist. No. 19AP-130, 2019-Ohio-4754, ¶ 5-7.

{¶ 14} Next, we consider whether appellee is an eligible offender under R.C. 2953.31(A)(1)(b). An applicant is an eligible offender pursuant to R.C. 2953.31(A)(1)(b) if (A)(1)(a) does not apply and he or she has "not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction." Because appellee has more than one felony conviction, we must consider whether either of the two merger provisions under R.C. 2953.31(A)(1)(b) apply.

{¶ 15} Under the first merger provision: "[w]hen two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b). Here, appellee cannot avail himself of the first merger provision because his felony convictions were connected with different acts and resulted from offenses committed at different times. *In re Sealing of the Record of A.H.*, 10th Dist. No. 15AP-555, 2016-Ohio-5530, ¶ 22; *State v. Yorde*, 10th Dist. No. 11AP-404, 2011-Ohio-6671, ¶ 17.

{¶ 16} Under the second merger provision: "[w]hen two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction." R.C. 2953.31(A)(1)(b). Furthermore, the court may decide not to count the two or three convictions as one conviction because it is not in the public interest pursuant to R.C. 2953.32(C)(1)(a). Here, appellee does not qualify as an eligible offender under the second merger provision because his convictions were from different proceedings and resulted from criminal acts committed over a period greater than three months. *See State v. Price*, 10th Dist. No. 17AP-535, 2017-Ohio-8591, ¶ 7; *State v. Sanders*, 10th Dist. No. 14AP-916, 2015-Ohio-2050, ¶ 10.

{¶ 17} Therefore, because appellee was not an eligible offender as defined by R.C. 2953.31(A), the trial court erred in granting appellee's application to seal his record of conviction pursuant to R.C. 2953.32. Accordingly, we sustain the state's sole assignment of error.

**IV. Conclusion**

{¶ 18} Having sustained the state's sole assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas.

*Judgment reversed and*
*cause remanded.*

SADLER, P.J., and BROWN, J., concur.

_____