[Cite as *State v. Cline*, 2022-Ohio-1632.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                      :

    Plaintiff-Appellee,         : CASE NO. 21CA9, 21CA10,
                                                21CA11, & 21CA12[1]

    v.                          :

CODY J. CLINE,                      : DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.        :

_____

APPEARANCES:

Rhys Brendan Cartwright-Jones and Tabitha L. Stewart, Youngstown, Ohio, for appellant.

Nicole Coil, Washington County Prosecuting Attorney, Marietta, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 5-10-22
ABELE, J.

    **{¶1}** This is an appeal from four Washington County Common Pleas Court judgments that denied applications to seal the record of Cody J. Cline, defendant below and appellant herein. Appellant assigns one error for review:

> "THE TRIAL COURT ERRED IN DENYING CODY J.
> CLINE'S PETITION TO SEAL RECORDS."

---

[1]On September 9, 2021, this court granted appellant's motion to consolidate Case Nos. 21CA9, 21CA10, 21CA11, and 21CA12.

WASHINGTON, 21CA9,10,11,& 12

{¶2} Because this matter involves four separate judgments, we first discuss the factual background of each case.

APPELLATE CASE NO. 21CA9
TRIAL COURT CASE NO. (06CR294)

{¶3} In 2006, appellant entered a guilty plea to the charge of possession of heroin in violation of R.C. 2925.11(A), a fifth-degree felony. The trial court sentenced appellant to: (1) serve nine months in prison, (2) pay court costs, (3) be subject to three years of post-release control, (4) pay $837.48 in restitution to the Marietta Police Department for damage to a cruiser, and (5) serve a six-month license suspension to begin after release from incarceration.

{¶4} On March 22, 2021, appellant filed an R.C. 2953.32 application to seal his record of conviction. Appellant asserted he "qualifies as a first time offender as defined in R.C. 2953.31(A) and as logically connected as part of an overall vice and of a logical connections [sic.]. No criminal or traffic charges are pending against her/him." On April 5, 2021, appellant filed a virtually identical amended R.C. 2953.32 application to seal a criminal record.

{¶5} After review, the trial court denied appellant's applications. The court noted that R.C. 2953.31(A)(1) defines eligible offender, in pertinent part, as "* * * if all of the

offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of the offenses are an offense of violence * * * or in R.C. 2953.31(A)(2) as someone who has "* * * not more than two felony convictions." The court held:

> The Court has reviewed the Defendant's criminal history and it indicates in pertinent part that he has two F-4 Thefts in 2000, an M-1 Assault in 2006, an F-5 Possession of Heroin in 2007, an F-4 Vehicular Assault in 2010, and an F-5 Theft in 2013.
>
> The Court finds that an Assault conviction is an offense of violence so he is not eligible under (A)(1). Also, the Defendant has more than two felony convictions so he is not eligible under (A)(2).

{¶6} The trial court noted that appellant argued that, under the R.C. 2953.36(A)(4) exceptions, misdemeanor assaults should be excluded as offenses of violence. The court, however, did not find that any of the exceptions apply to appellant. The court further noted that, even if appellant is an eligible offender, appellant has not been rehabilitated to the court's satisfaction.

{¶7} Thus, the trial court concluded that the government's legitimate need to maintain the records outweighs the applicant's interest in having the conviction sealed.

APPELLATE COURT CASE NO. 21CA10
TRIAL COURT CASE NO. (10CR52)

{¶8} On February 26, 2010, a Washington County Grand Jury returned an indictment that charged appellant with (1) one count of

WASHINGTON, 21CA9,10,11,& 12

aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) & (B)(1) (while committing a violation of R.C. 4511.19(A)), a third-degree felony; and (2) one count of aggravated vehicular assault in violation of R.C. 2903.08(A)(1)(a) & (B)(1)(a)(as a proximate result of committing a violation of R.C. 4511.19(A) and driving under a suspension imposed under Chapter 4510), a second-degree felony.

**{¶9}** On October 27, 2010, appellee filed a motion to dismiss the indictment because appellant entered a guilty plea to a bill of information in Case No. 10CR227 for charges that arose from this case. The trial court granted the request to dismiss on October 28, 2010.

**{¶10}** On March 22, 2021, appellant filed an identical R.C. 2953.32 application and amended application to seal his criminal record as he did in Case No. 06CR294(21CA9). Once again, the trial court denied the applications. The court concluded that, although the case had been dismissed, the statute of limitations expired and no criminal proceedings pending, the government's legitimate need to maintain the records outweighed the applicant's interests in sealing the record.

APPELLATE CASE NO. 21CA11
TRIAL COURT CASE NO. (06CR238)

**{¶11}** On September 11, 2006, a Washington County Grand Jury

returned an indictment that charged appellant with (1) one count of vandalism in violation of R.C. 2909.05(B)(2)&(E), a fifth-degree felony; and (2) one count of criminal damaging in violation of R.C. 2909.06(A)(1)&(B), a second-degree misdemeanor.  On November 17, 2006, appellee filed a motion to dismiss because, on November 16, 2006, appellant entered a guilty plea in Case No. 06CR294.  On November 22, 2006, the trial court dismissed the case.

{¶12} On March 22, 2021, appellant filed an R.C. 2953.32 application to seal his criminal record and, on April 5, 2021, appellant filed an amended application to seal his criminal record. The trial court denied appellant's applications and concluded that, although the case had been dismissed, the relevant statute of limitations expired and no criminal proceedings pending, the government's legitimate need to maintain the records outweighed the applicant's interests in sealing the conviction.

APPELLATE CASE NO. 21CA12
TRIAL COURT CASE NO. (06CR227)

{¶13} In 2010, appellant entered a guilty plea to a charge of vehicular assault in violation of R.C. 2903.08(A)(2)(b)&(C)(1)&(2), a fourth-degree felony.  The trial court ordered appellant to: (1) serve 16 months in prison, (2) pay court costs and fees, (3) serve 3 years of post-release control, and (4) undergo a five-year license suspension.

**{¶14}** Subsequently, the trial court denied appellant's application to seal the record of conviction. The court noted that R.C. 2953.31(A)(1) defines eligible offender, in pertinent part, as "* * * if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of the offenses are an offense of violence * * * or in R.C. 2953.31(A)(2) as someone who has "* * * not more than two felony convictions." The court held:

> The Court has reviewed the Defendant's criminal history and it indicates in pertinent part that he has two F-4 Thefts in 2000, an M-1 Assault in 2006, an F-5 Possession of Heroin in 2007, an F-4 Vehicular Assault in 2010, and an F-5 Theft in 2013.
>
> The Court finds that an Assault conviction is an offense of violence so he is not eligible under (A)(1). Also, the Defendant has more than two felony convictions so he is not eligible under (A)(2).

**{¶15}** The trial court pointed out that appellant argued, under the R.C. 2953.36(A)(4) exceptions, that a misdemeanor assault should be excluded as an offense of violence. However, the court did not find the exception applicable and noted that, even if appellant were an eligible offender, appellant has not been rehabilitated to the court's satisfaction. Thus, the court concluded that the government's legitimate need to maintain the records outweighs the applicant's interests in having the

WASHINGTON, 21CA9,10,11,& 12

conviction sealed.

I.

**{¶16}** In his sole assignment of error, appellant asserts that the trial court erred in denying his application to seal various court records generated in multiple criminal proceedings.[2]

**{¶17}** Sealing records of conviction is generally a two-step process. *State v. C.L.H.*, 10th Dist. Franklin No. 18AP-495, 2019-Ohio-3786, ¶ 12. First, a trial court must determine whether an applicant is an "eligible offender" under the relevant statute. If the applicant does not qualify as an eligible offender, "a trial court lacks jurisdiction to grant the application." *State v. D.M.C.*, 2020-Ohio-3556, 154 N.E.3d 1054, ¶ 7 (10th Dist.); *State v. Jones,* 7th Dist. Mahoning No. 20 MA 0078, 2021-Ohio-2499, ¶ 10. Further, whether an applicant is an "eligible offender" for purposes of an application to seal the record of a conviction is an issue that appellate courts review de novo. *State v. R.M.M.,* 10th Dist. Franklin No. 20AP-6, 2021-Ohio-3314, ¶ 13; *D.M.C.,* 2020-Ohio-3556, ¶ 8; *State v. A.L.M.,* 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9.

---

[2] In his procedural history, appellant refers to Marietta Municipal Court entries. However, as appellee observes, appellant's notices of appeal refer to four Washington County Common Pleas Court cases (06CR294, 06CR238, 10CR52, and 10CR227).

**{¶18}** If a court finds an applicant to be an eligible offender, the second step requires the court to use discretion to (1) consider objections, if any, the prosecutor raises, and (2) weigh the applicant's interests in sealing the record against any legitimate governmental need to maintain those records.  R.C. 2953.52(B)(2)(c)and (d).  *See also State v. D.D.F.,* 10th Dist. Franklin No. 20AP-10, 2020-Ohio-4663, ¶ 7, 10.  Generally, an appellate court will apply "an abuse of discretion standard when reviewing a trial court's resolution of these issues."  *D.M.C.,* 2020-Ohio-3556, ¶ 9, citing *State v. Paige,* 10th Dist. Franklin No. 15AP-510, 2015-Ohio-4876, ¶ 5; *State v. Hilbert,* 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist.2001); *State v. Pierce*, 10th Dist. Franklin No. 06AP-931, 2007-Ohio-1708, ¶ 5.  The abuse of discretion standard is used to determine whether a court's attitude is unreasonable, arbitrary or unconscionable.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶19}** The purpose behind sealing a criminal record is to recognize that some people may become rehabilitated.  *State v. Petrou,* 13 Ohio App.3d 456, 469 N.E.2d 974 (9th Dist.1984); *State v. Hair,* 2d Dist. Greene No. 2019-CA-73, 2020-Ohio-3128, ¶ 10.  Thus, sealing a record is an "act of grace created by the state," *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996);

*State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 12, and should be granted "only when all requirements for eligibility are met, because it is a 'privilege, not a right.'" *Pariag*, *supra*, citing *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. Moreover, the statute in effect at the time of filing an R.C. 2953.32 application is controlling. *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, paragraph two of the syllabus.

**{¶20}** Appellant initially contends that the trial court denied his application because appellant used the term "first offender" when appellant actually intended to use the term "eligible offender" as defined in R.C. 2953.31(A). Appellee, however, claims that this misnomer is irrelevant because the court did not indicate in its entry that the use of this term had any bearing on the denial of appellant's application. Rather, the court denied the application because it determined that appellant is not an eligible offender.

**{¶21}** Second, although appellant argues he is an eligible offender, R.C. 2953.32 requires a trial court first to determine whether an applicant is indeed an "eligible offender." *A.L.M.*, 2017-Ohio-2772 at ¶ 9; *Futrall* 123 Ohio St.3d at ¶ 6. Pursuant to R.C. 2953.31(A)(1), an "eligible offender" means either of the

following:

(a) Anyone who has been convicted of one or more offenses, but not more than five felonies, in this state or any other jurisdiction, if all of the offenses in this state are felonies of the fourth or fifth degree or misdemeanors and none of those offenses are an offense of violence or a felony sex offense and all of the offenses in another jurisdiction, if committed in this state, would be felonies of the fourth or fifth degree or misdemeanors and none of those offenses would be an offense of violence of a felony sex offense;

(b) Anyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

**{¶22}** After appellant filed his application, the trial court reviewed appellant's criminal history and indicated that appellant has two fourth-degree felony theft convictions in 2000, a first-degree misdemeanor assault conviction in 2006, a fifth-degree felony possession of heroin conviction in 2007, a fourth-degree

vehicular assault conviction in 2010, and a fifth-degree felony theft conviction in 2013. The trial court concluded that appellant is not eligible offender because (1) under R.C. 2953.31(A)(1), assault is an offense of violence, and (2) under R.C. 2953.31(A)(2),[3] appellant has two felony convictions.

**{¶23}** The Revised Code does exclude certain criminal offenses from being sealed. For example, R.C. 2953.31(A)(1)(a) precludes eligible offender status if an offender has one or more misdemeanor "offenses of violence." Interestingly, the term "offense of violence" is not defined in the statutes that relate to sealing records. *State v. R.M.*, 8th Dist. Cuyahoga No. 104347, 2017-Ohio-7396, ¶ 8; *State v. A.G.,* 8th Dist. Cuyahoga No. 110132, 2021-Ohio-4428, ¶ 20. However, R.C. 2901.01, which provides general definitions for Revised Code terms, defines "offense of violence." Also R.C. 2901.01(A)(9)(a) specifies certain code sections as offenses of violence. Menacing, a violation of R.C. 2903.22, is listed in R.C. 2901.01(A)(9)(a) as an offense of violence. Appellee thus asserts that appellant's 2008 menacing conviction falls under this statute and, because R.C. 2952.31(A)(1)(a) precludes eligibility for record sealing if an applicant has one or

---

[3] It appears that the trial court intended to refer to R.C. 2953.31(A)(1)(b).

more misdemeanor "offenses of violence," appellant is not an eligible offender.

**{¶24}** Appellee further argues that appellant's 2006 assault conviction constitutes an offense of violence.  Assault, a violation of R.C. 2903.13, is, in fact, listed in R.C. 2901.01(A)(9)(a) as an offense of violence.  In *State v. J.B.,* 9th Dist. Summit No. 29699, 2021-Ohio-187, the Ninth District recently considered the sealing of a misdemeanor assault conviction.  In *J.B.,* the applicant conceded he had a prior assault conviction, an offense of violence pursuant to R.C. 2901.01(A)(9)(a), but argued that the court should have applied R.C. 2953.31(A)(1)(a) when it determined his "eligible offender" status.  J.B. thus argued that because a conviction for misdemeanor assault is eligible for sealing under R.C. 2953.36(A)(3), it should not be considered an "offense of violence" for purposes of R.C. 2953.31(A)(1)(a).  *Id.*

**{¶25}** Although the Ninth District agreed that R.C. 2953.36(A)(3) does not outright preclude a misdemeanor assault conviction from being sealed, the court did not agree with the contention that for sealing purposes the statute stripped misdemeanor assault of its general classification as an "offense of violence" under R.C. 2901.01(A)(1)(9).  In *State v. J.B.,* 9th Dist. Summit No. 29699, 2021-Ohio-187, at ¶ 14, the court wrote:

> An applicant for sealing whose offenses are not statutorily exempt from sealing still must otherwise demonstrate that he is an 'eligible offender.' *See id.* at ¶ 14-15; R.C. 2953.32(A)(1). Because J.B.'s misdemeanor assault conviction was an offense of violence, *see* R.C. 2901.01(A)(9)(a), the trial court correctly determined that he was subject to the 'eligible offender' definition contained in R.C. 2953.31(A)(1)(b).
>
> Under R.C. 2953.31(A)(1)(b), an eligible offender is someone who has 'not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction.' The trial court concluded that, because J.B. had more than two misdemeanor convictions, he was not eligible to have his records sealed. The trial court further concluded that J.B. was not eligible because he had been convicted of more than one felony and one misdemeanor.* * *"

*J.B.,* 2021-Ohio-187 at ¶ 13-14.

**{¶26}** In the case at bar, appellee argues that appellant should be ineligible because: (1) the menacing conviction makes appellant ineligible under R.C. 2953.31(A)(1)(a); and (2) appellant is ineligible under R.C. 2953.31(A)(1)(b) because he has more than one felony conviction and more than two misdemeanor convictions. Although we agree that the misdemeanor convictions of violence may not be precluded from sealing under R.C. 2953.36(A)(3) courts must determine whether an applicant is an eligible offender under R.C. 2953.31(A)(1)(b). After our review, we have no disagreement with the trial court's conclusion that, at this juncture, appellant's records should not be sealed. See R.C. 2953.31(A)(1)(a) and (b).

{¶27} Appellant further asserts that the trial court based its decision, in part, on pending criminal proceedings or investigations. However, we point out that the trial court's entries specify: "The Court finds that there are no criminal proceedings pending against the Defendant." Therefore, appellant's argument in this regard is without merit.

{¶28} Appellant additionally claims that he has a meaningful interest in the relief sought because his criminal offenses stem from a time when he suffered from addiction, but he now has attained sobriety and his criminal record prevents him from becoming a "useful and gainfully employed member of society." Although appellant is correct that a trial court must weigh an applicant's interests in sealed records versus the state's reasons to oppose an application and the government's need to maintain those records, as the appellee observes the R.C. 2953.32(C)(1) standard does not simply consider whether appellant has a meaningful interest in the relief sought, but also whether the state's legitimate need to maintain the records outweighs that interest. R.C. 2953.32(C)(1)(e) instructs trial courts to: "weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those

records."

{¶29} In the case at bar, appellee claims that appellant's criminal history, including community control violations, post-release control, and judicial release demonstrate that, at this juncture, the state has a legitimate interest to ensure that the public is aware of appellant's criminal record until more time has passed and appellant shows more evidence of remorse and conformity to law. After our review, we do not believe that the trial court's determination that the government's legitimate need to maintain appellant's record of conviction outweighs appellant's interest in having his convictions sealed constitutes an abuse of discretion.

{¶30} Finally, appellant argues that he has been rehabilitated and the trial court's denial of his application constitutes an abuse of discretion. Appellant emphasizes that the sealing provisions should be liberally construed to promote their purpose and to assist parties to obtain justice. *See State v. C.A.,* 10th Dist. No. 14AP-738, 2015-Ohio-3437, ¶ 11; *State ex rel. Gains v. Rossi,* 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999), citing R.C. 1.11; *Barker v. State,* 62 Ohio St.2d 35, 52, 402 N.E.2d 550 (1980).

{¶31} In support of his argument, appellant cites *State v. Bates,* 5th Dist. Ashland No. 03-COA-057, 2004-Ohio-2260. In *Bates,* the trial court denied the application to seal, but the Fifth

District determined that the trial court did not make any findings, on the record or otherwise, regarding (1) appellant's interest in having the record sealed or the government's need to maintain those records, and (2) whether appellant had been rehabilitated to the court's satisfaction. The court observed that the trial court's findings "simply stated that it was denying appellant's motion 'based upon the nature of the Defendant's offenses.'" *Id.* at ¶ 25. Notably, at the hearing the trial court stated that "it is the nature of the offense, it is the nature of the addiction that causes the court simply to say no." *Id.* at ¶ 25-26. The appellate court, however, concluded that the trial court failed to address whether this particular defendant had been rehabilitated and, thus, applied the wrong standard when it reviewed applicant's motion. *Id.* at ¶ 26.

{¶32} We find *Bates* inapplicable. In the case at bar, the trial court did not determine that all defendants who suffered from addiction are precluded from sealing a criminal record, but instead examined the record and found insufficient evidence of appellant's rehabilitation to the court's satisfaction.

{¶33} Appellant also contends that *State v. J.S.*, 2017-Ohio-7613, 97 N.E.3d 790 (10th Dist.) supports his position. At a hearing, J.S. offered an affidavit from an employer to support her application. The trial court, however, concluded that the

affidavit did not state that J.S.'s record "would stop [her] from moving forward." The court further informed J.S. that, if her situation changed, she could provide the court with an affidavit "where you [are] actually being affected by this," and that would be a change in circumstances for the court. *Id.* On appeal, the Tenth District reversed and observed that R.C. 2953.32 does not include a requirement that an applicant must affirmatively demonstrate that his or her criminal record adversely and specifically affected the applicant before a record may be sealed. *Id.* at ¶ 9. We, however, believe that *J.S.* is distinguishable from the present case because here, the trial court did not impose any additional requirements that appellant must affirmatively demonstrate and present actual evidence to show that the criminal record has adversely affected the applicant. Here, in addition to the trial court's determination that appellant is not an eligible offender, the denial of the application also concluded that appellant "has not been rehabilitated to the satisfaction of the Court and government's legitimate needs of maintaining the records outweigh the applicant's interests in having the conviction sealed." The trial court did not, however, require appellant to provide any additional proof beyond the statute's requirements.

{¶34} Furthermore, although in the case sub judice the trial court may not have specified its reasons for its determination that

appellant has not been rehabilitated to the court's satisfaction, this lack of specificity does not constitute an abuse of discretion. Appellate courts have not interpreted R.C. 2953.32 to require specific findings in the judgment entry. *R.M.M.*, 2021-Ohio-3314, ¶ 29, citing *State v. Johnson*, 7th Dist. Mahoning No. 06 MA 188, 2008-Ohio-1183, ¶ 15 (R.C. 2953.32 "requires the court to take a number of steps, but it does not require the court to record findings"); *State v. Smith*, 8th Dist. Cuyahoga No. 91853, 2009-Ohio-2380, ¶ 12, fn. 5 ("we reject any notion that R.C. 2953.32 mandates the trial court to include its findings in the judgment entry").

**{¶35}** Therefore, based upon all of the foregoing reasons, we agree with the trial court's conclusion and find no abuse of discretion with the determination that appellant's records should not be sealed at this time. Accordingly, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.


The Court finds there were reasonable grounds for this appeal.


It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.


A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Hess, J.: Concur in Judgment & Opinion

For the Court


BY:_____
                              Peter B. Abele, Judge


NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.