[Cite as *State v. Davis*, 2022-Ohio-2943.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

CURTIS DAVIS

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. John W. Wise, J.

Case Nos. 22CA000002 & 22CA000003

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Guernsey County Court of Common Pleas, Case Nos. 89-C-02 & 89-C-96 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 22, 2022 |

APPEARANCES:

For Plaintiff-Appellee

LINDSEY ANGLER, ESQ.
Prosecuting Attorney
Guernsey County, Ohio

JASON R. FARLEY
Assistant Prosecuting Attorney
Guernsey County, Ohio
627 Wheeling Avenue
Cambridge, Ohio 43725

For Defendant-Appellant

W. JOSEPH EDWARDS, ESQ.
The Law Office of W. Joseph Edwards
511 S. High Street
Columbus, Ohio 43215

*Hoffman, J.*

**{¶1}** Defendant-appellant Curtis Davis appeals the judgment entered by the Guernsey County Common Pleas Court denying his motion to seal the records of his 1989 convictions of defrauding creditors (R.C. 2913.45) and forgery (R.C. 2913.31). Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On May 25, 2019, Appellant filed a pro se motion to seal the records pertaining to two convictions from Guernsey County:  Case No. 89-C-02, a misdemeanor conviction for defrauding creditors in violation of R.C. 2913.45, and Case No. 89-C-96, a felony conviction of forgery in violation of R.C. 2913.31.  The trial court summarily denied both motions.

**{¶3}** On October 27, 2021, Appellant, now represented by counsel, filed a motion for sealing of the records of both cases pursuant to R.C. 2953.32.  The State filed a response, stating it did not oppose the request to seal the records.

**{¶4}** The trial court issued a one-sentence judgment entry, summarily denying the motions in both cases.  Appellant filed an appeal in case number 89-C-96, which was assigned appellate number 22CA000002, and in case number 89-C-02, which was assigned appellate number 22CA000003.  It is from the December 27, 2021 judgment of the trial court Appellant prosecutes his appeals, assigning as error:

THE TRIAL COURT FAILED TO FOLLOW THE MINIMUM REQUIREMENTS OF R.C. §2953.32 AND ABUSED ITS DISCRETION IN DENYING DEFENDANT-APPELLANT THE REQUESTED RELIEF.

**{¶5}** R.C. 2953.32 sets forth the duties of the trial court upon the filing of an application to seal a criminal record:

(B) Upon the filing of an application under this section, the court shall set a date for a hearing and shall notify the prosecutor for the case of the hearing on the application. The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing. The prosecutor shall specify in the objection the reasons for believing a denial of the application is justified. The court shall direct its regular probation officer, a state probation officer, or the department of probation of the county in which the applicant resides to make inquiries and written reports as the court requires concerning the applicant. The probation officer or county department of probation that the court directs to make inquiries concerning the applicant shall determine whether or not the applicant was fingerprinted at the time of arrest or under section 109.60 of the Revised Code. If the applicant was so fingerprinted, the probation officer or county department of probation shall include with the written report a record of the applicant's fingerprints. If the applicant was convicted of or pleaded guilty to a violation of division (A)(2) or (B) of section 2919.21 of the Revised Code, the probation officer or county department of probation that the court directed to make inquiries concerning the applicant shall contact the child support enforcement agency enforcing the applicant's

obligations under the child support order to inquire about the offender's compliance with the child support order.

(C)(1) The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender or whether the forfeiture of bail was agreed to by the applicant and the prosecutor in the case. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records;

(f) If the applicant is an eligible offender of the type described in division (A)(3) of section 2953.36 of the Revised Code, determine whether the offender has been rehabilitated to a satisfactory degree. In making the determination, the court may consider all of the following:

(i) The age of the offender;

(ii) The facts and circumstances of the offense;

(iii) The cessation or continuation of criminal behavior;

(iv) The education and employment of the offender;

(v) Any other circumstances that may relate to the offender's rehabilitation.

(2) If the court determines, after complying with division (C)(1) of this section, that the applicant is an eligible offender or the subject of a bail forfeiture, that no criminal proceeding is pending against the applicant, that the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed are not outweighed by any legitimate governmental needs to maintain those records, and that the rehabilitation of an applicant who is an eligible offender applying pursuant

to division (A)(1) of this section has been attained to the satisfaction of the court, the court, except as provided in division (C)(4), (G), (H), or (I) of this section, shall order all official records of the case that pertain to the conviction or bail forfeiture sealed and, except as provided in division (F) of this section, all index references to the case that pertain to the conviction or bail forfeiture deleted and, in the case of bail forfeitures, shall dismiss the charges in the case. The proceedings in the case that pertain to the conviction or bail forfeiture shall be considered not to have occurred and the conviction or bail forfeiture of the person who is the subject of the proceedings shall be sealed, except that upon conviction of a subsequent offense, the sealed record of prior conviction or bail forfeiture may be considered by the court in determining the sentence or other appropriate disposition, including the relief provided for in sections 2953.31 to 2953.33 of the Revised Code.

{¶6} "Depending on the dispute in question, this Court will apply either a de novo standard of review or an abuse of discretion standard of review in appeals from the denial of an application to seal a record of conviction." *State v. Calderon*, 9th Dist. Medina No. 09CA0088-M, 2010-Ohio-2807, ¶ 6. "If the matter in dispute concerns the court's discretion, such as its conclusion that the evidence does not weigh in favor of expungement, then an abuse of discretion standard applies." *Id.* When a case turns upon the interpretation of the sealing statutes, however, this Court employs a de novo standard of review. *Stow v. S.B.*, 9th Dist. Summit No. 27429, 2015-Ohio-4473, ¶ 6.

**{¶7}** Where the record does not demonstrate the trial court followed the requirements of R.C. 2953.32 before summarily dismissing an application to seal the record, the proper remedy is to remand the case to the trial court to issue a decision consistent with the requirements of R.C. 2953.32. *See, e.g., State v. Long*, 12th Dist. Butler App. Nos. CA2014–08–176, CA2014–09–188, 2015-Ohio-821; *State v. A.V.,* 9th Dist. Lorain No. 19CA011517, 2020-Ohio-3519.

**{¶8}** In the instant case, nothing in the record from the trial court demonstrates the trial court complied with the requirements of R.C. 2953.32. Further, the trial court's judgment states only, "The Court DENIES Defendant's Application to Seal Criminal Record under O.R.C. 2953.32." Judgment, Dec. 27, 2021. The State concedes in its brief the trial court erred in summarily overruling Appellant's application, and asks this Court to remand for further proceedings according to law. Accordingly, we find the trial court erred in failing to follow the procedure outlined in R.C. 2953.32 before overruling Appellant's motion.

**{¶9}** The assignment of error is sustained. The judgment of the Guernsey County Common Pleas Court is reversed, and this case is remanded to that court for further proceedings according to law, consistent with this opinion.



By: Hoffman, J.

Gwin, P.J. and

Wise, John, J. concur